UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

KUWSH MUHAMMAD,                                  :
                                                 :
                Plaintiff,                       :
                                                 :
        v.                                       :     No. 2:15-cv-2808
                                                 :
UNIT MANAGER LASHER;                             :
LIEUTENANT POLLARD;                              :
SERGEANT GILLIAM;                                :
C.O. DEBURROW; C.O. HALL,                        :
                                                 :
                Defendants.[1]                   :
_____

**MEMORANDUM OPINION**
Defendants' Motion to Dismiss, ECF No. 9 - Granted

**Joseph F. Leeson, Jr.**                              October 5, 2016
**United States District Judge**

Plaintiff Kuwsh Muhammad, a former inmate at the State Correctional Institution at Graterford, Pennsylvania, ("SCI Graterford") brings Eighth Amendment claims against Defendants Unit Manager Matthew Lasher, Lieutenant William Pollard, Sergeant Kim Gilliam, and Corrections Officers Helen Deburrow and Anthony Hall, all sued in their official and individual capacities. Defendants have filed a Motion to Dismiss Muhammad's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendants' Motion is granted.

---

[1]   Defendants state that the Complaint misspells the names of several Defendants. The correct spellings, as provided by Defendants, are reflected in the caption and will be used in this Memorandum.

1

I.  **Background**

Muhammad alleges that while he was housed at SCI Graterford, on December 1, 2014, at approximately 9:00 p.m., the toilet in his cell began to overflow, causing contaminated water and fecal matter to flood his cell and contaminate his clothing and his person. Compl. ¶¶ 7-9, ECF No. 5. Muhammad complained to Defendants Gilliam, Hall, and Deburrow, requesting that he be moved to a different cell. *Id.* ¶ 10. They refused to do so and instead handed him a piece of cardboard to place on the floor of his cell. *Id.* ¶ 11.

The following day, December 2, Muhammad informed Defendants Lasher and Pollard that his cell was filled with contaminated waste from the toilet, and he requested that he be moved to a different cell. *Id.* ¶ 13. They "[i]nitially . . . refused to move" Muhammad, but Defendant Lasher "finally acquiesced" and moved him that same day. *Id.* ¶¶ 14-15. The next day, December 3, Defendant Lasher told Muhammed that the toilet in his previous cell was fixed, and he ordered Muhammed to return to that cell. *Id.* ¶¶ 16-17. Following his return to the cell, Muhammad flushed the toilet and it again overflowed, "filling the cell with contaminated waste." *Id.* ¶¶ 18-19. Muhammed complained once again to Defendant Lasher, who again moved him to a different cell. *Id.* ¶ 20.

On December 6, 2014, Muhammad became ill, suffering from fever, nausea, diarrhea and vomiting. *Id.* ¶ 21. He submitted a sick call request fearing that he was exposed to an infectious disease as the result of exposure to the raw sewage. *Id.* ¶ 22. He was screened by medical personnel and blood was drawn to determine if he was in fact infected by exposure to the raw sewage. *Id.* ¶ 22. Upon examination Muhammad's blood panel results, it was determined that he was infected with Hepatitis B. *Id.* ¶ 23. Muhammad alleges that his contraction of this disease

was the result of Defendants' "deliberate indifference in failing to move [him] from a cell contaminated with raw sewage." *Id.* ¶ 30.

On June 29, 2015, Muhammad filed the present Complaint against Defendants in their individual and official capacities, alleging that they violated his rights under the Eighth Amendment to the United States Constitution, and seeking declaratory and compensatory relief. See *id.* ¶¶ 2-6; 25-28. In response, Defendants filed the present Motion to Dismiss.

## II.     Standards of Review

### A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction under the Eleventh Amendment – Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In the Third Circuit, "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). Therefore, "Rule 12(b)(1) serves as the proper means by which to challenge the propriety of federal jurisdiction by reason of the Eleventh Amendment." *Bradley v. West Chester U. of the Pa. St. Sys. Higher Educ.*, No. 15–2681, 2015 WL 8468563, at *2 (E.D. Pa. Dec. 9, 2015). A Rule 12(b)(1) challenge may either be made in the form of a facial challenge or a factual challenge. *Warren v. Matthey*, No. 15–1919, 2016 WL 215232, at *2 (E.D. Pa. Jan. 19, 2016). A challenge in which the Eleventh Amendment jurisdictional bar is asserted is properly identified as a facial challenge. *Sixth Angel Shepherd Rescue Inc. v. West*, 790 F. Supp. 2d 339, 349 (E.D. Pa. 2011). In considering a facial challenge to a complaint, the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000).

**B.     Motion to Dismiss for Failure to State a Claim – Federal Rule of Civil Procedure 12(b)(6)**

In rendering a decision on a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Id.*; *Phillips*, 515 F.3d at 233 (quoting *Twombly*, 550 U.S. at 563 n.8). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d 224, 232 (citing *Twombly*, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience

4

and common sense." *Id.* at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" *See id.*, 515 F.3d at 234 (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations" are not required, *id.* at 678 (quoting *Twombly*, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," *id.* at 680 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**III.	Analysis**

**A.	Plaintiff's claims against Defendants in their official capacities are dismissed.**

Defendants move to dismiss all claims for damages against them in their official capacities, contending that the Court lacks subject matter jurisdiction over these claims. In

response, Muhammad "readily agree[s] to dismiss the official capacity aspect of his tort." Pl.'s Resp. 2, ECF No. 15. Accordingly, all such claims are dismissed.

**B.       The Complaint fails to state an Eighth Amendment claim.**

"[T]he Constitution 'does not mandate comfortable prisons.'" *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Nevertheless, prison officials violate an inmate's Eighth Amendment rights when they deprive him of "a single identifiable human need such as food, warmth, or exercise." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). An inmate's claim that he was subjected to such a deprivation does not rise to the level of an Eighth Amendment violation unless: "(1) the prison official deprived the prisoner of the minimal civilized measure of life's necessities; and (2) the prison official acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994)).

> An inmate seeking to prove that [he] has been subjected to an Eighth Amendment violation therefore must make both an objective and a subjective showing to impose liability on a defendant. Objectively, an inmate must show that the deprivation was "sufficiently serious" so that it reached the level of an Eighth Amendment violation. Subjectively, an inmate must show that the defendant acted with "deliberate indifference" to [his] health or safety.

*Id.* (citations omitted). With respect to the objective component, "[f]actors to be considered include "the length of confinement, the amount of time prisoners must spend in their cells each day, the opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such as plumbing, ventilation, and showers." *Gilblom v. Gillipsie*, 435 F. App'x 165, 168 (3d Cir. 2011) (quoting *Tillery v. Owens*, 907 F.2d 418, 427 (3d Cir. 1990)).

Defendants contend that Muhammad's allegations fail to meet both the objective and subjective components of an Eighth Amendment claim. First, with respect to the objective

component, Defendants contend that that "[t]he length of time that [Muhammad] was subjected to a single unsanitary condition precludes his claim." Defs.' Mem. Supp. 15, ECF No. 9. Additionally, Defendants assert that "[a]ssuming *arguendo* that Hepatitis B is an objectively serious illness," Muhammad has failed to allege that exposure to the waste **caused** Hepatitis B." *Id.* at 16. With respect to the subjective component, Defendants contend that it is "completely implausible and speculative" that they "knew or should have known of any danger to plaintiff from the mere presence of waste on his cell floor." *Id.* at 19. Moreover, with respect to Lasher and Pollard in particular, Defendants contend that Lasher (and, by extension, Pollard) "twice acted with reasonable alacrity to move plaintiff to a clean cell," and thus could not have acted with deliberate indifference. *Id.* at 20.

Muhammad responds that his allegation that he contracted the Hepatitis B virus as a result of Defendants' intentional conduct "is sufficient to meet the Objective component." Pl.'s Resp. 3. With respect to the subjective component, Muhammad contends that Defendants "knew that [his] cell was flooded with waste material," but failed to take appropriate action. *Id.*

Courts have observed that "[e]xposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* and the more general standards of dignity embodied in the Eighth Amendment." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). Nevertheless, although "chronic exposure to human waste will give rise to a colorable [Eighth Amendment] claim," courts "normally will not entertain such [Eighth Amendment] actions" where "exposure to such waste is intermittent or limited to a matter of hours." *See Florio v. Canty*, 954 F. Supp. 2d 227, 234 (S.D.N.Y. 2013) (quoting *Ortiz v. Dep't of Correction of City of New York*, No. 08 CIV. 2195 RJSHBP, 2011 WL 2638137, at *6 (S.D.N.Y. Apr. 29, 2011), *report and recommendation adopted sub nom. Ortiz v. Hernandez*, No. 08 CIV.

2195 RJSHBP, 2011 WL 2638140 (S.D.N.Y. July 5, 2011)); *see also Odom v. Keane*, No. 95 CIV. 9941 (SS), 1997 WL 576088, at *4 (S.D.N.Y. Sept. 17, 1997) (Sotomayor, J.) ("While an unsanitary cell may be deplorable, plaintiff has failed to allege a violation of constitutional magnitude.").

In *Burkholder v. Newton*, the Court of Appeals for the Third Circuit considered an inmate's allegations that "his toilet was unsanitary, often backing up into his cell and causing him to fear for his safety." 116 F. App'x 358, 363 (3d Cir. 2004). The Court observed that "[i]t is questionable if having a . . . toilet that backs up sometimes is really an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life,'" *id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)), and further observed that "[c]ourts have found that the Eighth Amendment is not violated in much more harsh conditions" than those alleged by the plaintiff in that case, *id.* (collecting cases). *See Ridgeway v. Guyton*, No. 13-1254, 2015 WL 877778, at *5 (W.D. Pa. Mar. 2, 2015) (finding that inmate failed to state an Eighth Amendment claim when he alleged that his toilet intermittently overflowed for several weeks, including one occasion in which the toilet overflowed "with fecal matter and urine mixed water" and completely flooded his cell).

As set forth above, Muhammad alleges that he was forced to remain in a cell filled with raw sewage, due to a malfunctioning toilet, from approximately 9:00 p.m. on December 1, 2014, to some time the following day, December 2, 2014, when he was removed from the cell. After he was returned to the cell on December 3, 2014, the toilet again malfunctioned and the cell filed with sewage, after which he was again removed from the cell that same day. In sum, Muhammad's exposure to the sewage was limited to a period of several hours on the first occasion and was apparently remedied immediately on the second occasion. "While no doubt

unpleasant, these incidents are insufficiently continuous or chronic to withstand defendants' motion to dismiss." *See Florio*, 954 F. Supp. 2d at 235.

Even if Muhammad's assertions were sufficient to satisfy the objective component of the Eighth Amendment analysis, he has failed to plead sufficient facts to show that Defendants were deliberately indifferent to a known risk of harm. According to Muhammad, each of the Defendant officers responded to his complaints. Although, according to the Complaint, Muhammad's initial request to be moved to a different cell was not immediately granted (instead, as set forth above, Gilliam, Deburrow, and Hall gave him a piece of cardboard the night of December 1), he was moved the following day. Muhammad was then returned to the cell only after the problem was believed to be fixed, according to Lasher's alleged statement. When the problem recurred, Lasher promptly responded to Muhammad's complaint and removed him from the cell for a second and final time.

Muhammad's alleged injury, his suffering from Hepatitis B, in undoubtedly serious. However, "the test for an Eighth Amendment violation is not determined by a resulting outcome or injury, and is instead based on whether a prison official acted with deliberate indifference to a substantial risk of serious harm." *Gonzalez v. Zickefoose*, No. CV 12-3711 (NLH), 2016 WL 3961708, at *9 n.20 (D.N.J. July 22, 2016). Muhammad's allegations do not meet this test. Accordingly, Muhammad's Complaint is dismissed.

Finally, the Court will not grant Muhammad leave to amend his Complaint, and will dismiss his Complaint with prejudice. Generally, when a complaint "is vulnerable to [Rule 12(b)(6) ] dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile*.*" *Alson v. Parker*, 363 F.3d 229, 235 (2004). Given the allegations in the Complaint, it would be futile to allow Muhammad an opportunity to amend.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss is granted and Muhammad's Complaint is dismissed with prejudice. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge